UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In re: | ) | |
|---|---|---|
| | ) | Case No. 22bk00769 |
| JOSEPH SEVERINO, | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ). | Honorable Timothy A. Barnes |

FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER
AWARDING TO CRANE, SIMON, CLAR & GOODMAN, ATTORNEYS FOR DEBTOR,
FOR ALLOWANCE AND PAYMENT OF FINAL COMPENSATION AND
REIMBURSEMENT OF EXPENSES

| TOTAL FEES REQUESTED: | $ 40,320.00 | TOTAL COSTS REQUESTED: | $ 1,738.00 |
|---|---|---|---|
| TOTAL FEES REDUCED: | $ 0.00 | TOTAL COSTS REDUCED: | $ 0.00 |
| TOTAL FEES ALLOWED: | $ 40,320.00 | TOTAL COSTS ALLOWED: | $ 1,738.00 |

TOTAL FEES AND COSTS ALLOWED: $ 42,058.00

The matter coming before the court is the Motion for Final Allowance of Compensation and Reimbursement of Expenses to Debtor's Former Counsel [Dkt. No. 118] (the "Application") filed by Crane, Simon, Clar & Goodman ("CSCG"); the court having heard from CSCG and the Debtor and having considered the Debtor's Response to the Application [Dkt. No. 143] (the "Response") and CSCG's Reply in support of the Application [Dkt. No. 150] (the "Reply"); the court conducted a hearing on January 18, 2023, at which the court heard from the parties and considered the Application, the Response and the Reply and took the Application under advisement;

THE COURT HEREBY FINDS AND ORDERS THAT:

Bankruptcy Rule 2016(a) requires that any person who seeks an award of compensation from the estate must file an application for compensation with the court, detailing the services rendered, the time spent, and any expenses for which reimbursement is requested. The burden of proving the value of the services for which compensation is sought is always on the applicant. *In re Pettibone*, 74 B.R. 293, 299 (Bankr. N.D. Ill. 1987). This burden is not to be taken lightly, as "every dollar expended on legal fees results in a dollar less that is available for distribution to the creditors." *In re Hotel Associates, Inc.*, 15 B.R. 487, 488 (Bankr. E.D. Pa. 1981).

*In re Chicago Lutheran Hosp. Ass'n*, 89 B.R. 719, 732 (Bankr. N.D. Ill. 1988) (Ginsberg, J.). "Even if no objections are raised to a fee request, the bankruptcy court is not bound to award the fees sought, and in fact has a duty to independently examine the \*735 reasonableness of all fee applications." *Id.* at 734–35 (*citing In re NRG Resources, Inc.*, 64 B.R. 643, 650 (W.D. La. 1986); *Pettibone*, 74 B.R. at 299–300).

1

In addition to considering the Application, the Response, the Reply and the comments of the parties, the court has independently reviewed the Application in light of the standards applicable under the Bankruptcy Code, the Local Rules of the Bankruptcy Court of the Northern District of Illinois and the binding case law and finds that the matter before the court is best addressed according to the following issues:

(1)     *Baker Botts LLP v. ASARCO LLC*, 576 U.S. 121 (2015).

The Debtor makes two arguments based on the Supreme Court case of *Baker Botts LLP v. Asarco LLC*, 576 U.S. 121 (2015). First, the Debtor argues that CSCG cannot be compensated for time spent in preparing the Application. Second, the Debtor argues that *ASARCO* prevents CSCG from compensation for time in preparing their motion to withdraw. As CSCG correctly argues in the Reply, the Debtor fails to comprehend the holding of *ASARCO*.

Under the direct language of the Supreme Court, "[t]he question before us is whether § 330(a)(1) permits a bankruptcy court to award attorney's fees for work performed in *defending* a fee application in court. We hold that it does not … ." *ASARCO LLC*, 576 at 124 (emphasis added). The Court then proceeded to distinguish preparation of a fee application from defense and found that preparation was compensable under section 330(a)(1). *Id.* at 132 ("A § 327(a) professional's preparation of a fee application is best understood as a "servic[e] rendered" to the estate administrator under § 330(a)(1), whereas a professional's defense of that application is not."). Therefore, the Debtor's argument with respect to CSCG's compensation for the Application is completely misplaced—the exact argument was addressed in *ASARCO* and the Supreme Court held the opposite of what the Debtor alleges in this case.

For a similar reason, the Debtor's reliance on *ASARCO* as grounds for denial of compensation in preparing CSCG's motion to withdraw is misplaced. The issue before the Supreme Court in *ASARCO* was defense of fee applications, not preparation of a motion to withdraw. Therefore, *ASARCO* does not prevent compensation of counsel for a motion to withdraw. The court has reviewed the time entries for CSCG's preparation of the motion to withdraw (0.8 hours on July 20, 2022) and appearance in court on the same (0.7 hours on July 27, 2022), and finds that the time expended by CSCG in performing its duties as counsel to the Debtor included the resolution of its representation and the time expended is reasonable. The court therefore finds that CSCG shall be awarded the compensation requested for the time related to the motion to withdraw.

The court finds that both of the Debtor's arguments based on *ASARCO* are not well founded and therefore are overruled.

(2)     Unreasonable Time

The remainder of the Debtor's Response focuses on the argument that CSCG's Application is unreasonable in both the general sense and in relation to the work performed by CSCG with respect to matters addressing the Internal Revenue Service.

The court always examines applications before it for reasonableness and denies compensation for a task to the extent that a professional or paraprofessional expended an unreasonable amount of time on the task in light of the nature of the task, the experience and

knowledge of the professional performing the task, and the amount of time previously expended by the professional or another on the task. *Pettibone,* 74 B.R. at 306 (Bankr. N.D. Ill. 1987) (Schmetterer, J.) ("The Court will determine what is the reasonable amount of time an attorney should have to spend on a given project… . An attorney should not be rewarded for inefficiency. Similarly, attorneys will not be fully compensated for spending an unreasonable number of hours on activities of little benefit to the estate."); *In re Wildman,* 72 B.R. 700, 713 (Bankr. N.D. Ill. 1987) (Schmetterer, J.) (same).

The Debtor in this case argues that the value provided by CSCG for their work performed was not commensurate with the compensation sought in the Application. This asks the court to determine what is reasonable in hindsight.

Hindsight and the knowledge of outcome, however, are not always a great determiner of reasonableness of attorney's compensation. A court must not attempt to determine the reasonableness of time spent by an attorney by looking at the matter solely in hindsight or determining reasonableness by the outcome of the issue or matter. *Brandt v. Schal Associates, Inc.*, 131 F.R.D. 485, 493 *on reconsideration in part*, 131 F.R.D. 512 (N.D. Ill. 1990) *aff'd*, 960 F.2d 640 (7th Cir. 1992) ("[I]t would be entirely inappropriate for this Court to hold that the expenditure of time by defense counsel in this area was unreasonable based on any such retrospective and result-oriented approach."); *Koval v. PaineWebber Hous. & Healthcare Funding, Inc.*, 128 F.R.D. 654, 657 (N.D. Ill. 1989) ("No court, however experienced in the law practice the judge may have been before taking the bench, can feel comfortable with trying to reconstruct the reasonableness of fees viewed from the outside and in hindsight."); *Hamer v. Lake Cnty.*, 819 F.2d 1362, 1367 (7th Cir. 1987) ("[I]t is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success."); *In re Drexel Burnham Lambert Group, Inc.*, 133 B.R. 13, 23 (Bankr. S.D.N.Y. 1991) (In determining reasonableness, "the Court must not penalize attorneys by viewing the efforts of counsel with the benefit of '20/20 hindsight.'…[H]ours for an activity or project should be disallowed only where a Court is convinced it is readily apparent that no reasonable attorney should have undertaken that activity or project or where the time devoted was excessive.").

The court takes up first the easier of the subjects—the work done specifically in relation to the Internal Revenue Service. Paragraph 4 of the Reply filed by CSCG details the work performed by CSCG and explains that much of it was done in relation to resolving the claim of the Internal Revenue Service (Claim No. 10) (the "Claim"). The explanation provided sufficiently details the issues with the Claim (differences from the claim filed by the Illinois Department of Revenue based on taxes for the same years, recording of liens with respect to the Claim, etc.) and the work done to address those issues. In fact, a summary review of the Claims Register in this case demonstrates that the original claim was filed on February 14, 2022, for $507,265.38, was amended on April 26, 2022, to $476,226.49, and again amended to $447,049.56 on August 5, 2022, all while CSCG was the Debtor's counsel. This demonstrates that the Claim was reduced at least $60,000.00 during CSCG's representation of the Debtor. CSCG also discovered that the Claim was not secured against all of the Debtor's property, which would affect any plan of reorganization. All of this to say, CSCG's compensation in relation to the Claim and the Internal Revenue Service appears reasonable and will be allowed.

Last, the Debtor broadly challenges CSCG's total compensation as a whole in light of the value provided. The fact that the Claim was reduced $60,000.00 during CSCG's representation of the Debtor while the Application only seeks $40,320.00 plus the filing fee in this case, demonstrates that CSCG's work in this case produced a reduction in the Debtor's liability that exceeds the amount of compensation sought. By that measure alone, CSCG's compensation is reasonable. CSCG also performed work beyond that in this case—filing the Debtor's petition, schedules, statement of financial affairs, and multiple objections to claims, all of which the Debtor continues to use in this case.

The court, therefore, finds that the amount of compensation that CSCG seeks in the Application is reasonable and the standards applicable to the Application are satisfied. The Application is therefore GRANTED. CSCG is awarded the amounts set forth above.

Dated: January 27, 2023

_____
Timothy A. Barnes
United States Bankruptcy Judge

4